**LEVER BROTHERS COMPANY, Plaintiff,**

v.

**Steven D. MAURER, Director of the Ohio Department of Agriculture, Defendant.**

No. C–2–88–955.

United States District Court, S.D. Ohio, E.D.

May 15, 1989.

**647**

Robert M. Duncan, Kathleen B. Burke, Harry J. Lehman, Columbus, Ohio, and Terence F. Gilheany, H. Peter Haveles, Jr., Steven G. Brody, New York City, for plaintiff.

Anthony J. Celebrezze, Jr., Atty. Gen., Bennett A. Manning and Suzanne E. Mohr, Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

GRAHAM, District Judge.

Plaintiff Lever Brothers Company, a Maine corporation, filed a complaint on September 9, 1988 against Steven D. Maurer, Director of the Ohio Department of Agriculture. Plaintiff seeks a declaratory judgment holding that § 3717.16(D), Ohio Revised Code, is unconstitutional under the supremacy clause, the First and Fourteenth Amendments, and the commerce clause of the United States Constitution. Plaintiff further requests a permanent injunction against the enforcement of § 3717.16(D) by the State of Ohio or its agents.

This matter is now before the court for decision on plaintiff's motion for summary judgment and defendant's cross motion for summary judgment. The issues presented to the court are primarily questions of law, and the parties agree that there are no genuine issues of material fact.

The record before the court reveals that plaintiff has developed a product called "Dairybrook." Dairybrook is a dairy spread consisting of fifty percent butter. The remaining ingredients, include water, skim milk and gelatin, but no vegetable oil or margarine. Thus, Dairybrook is lower in calories than regular butter or margarine. Plaintiff anticipates a market for Dairybrook among those individuals who want to reduce their cholesterol and calorie intake without sacrificing real butter taste. Plaintiff has no plans to manufacture Dairybrook in Ohio, but does intend to distribute this product in Ohio and nationwide.

At the commencement of this action, the Dairybrook one pound package contained the name "DAIRYBROOK" along with the phrase "Reduced Calorie Butter Product" in smaller type. The label contains the phrase "50% LESS FAT, CHOLESTEROL & CALORIES THAN REGULAR BUTTER", and the word "butter" is also used in other descriptive wording on the package. Plaintiff intends to continue to use the word "butter" on the package and in advertising Dairybrook.

On April 25, 1988, plaintiff received a letter dated April 20, 1988 from the Ohio Department of Agriculture. This document advised plaintiff that a letter had been received concerning an unidentified product labeled in violation of Ohio Revised Code § 3717.16(D), which precludes the use of the word "butter" in labeling or advertising any product which is made in imitation of or as a substitute for butter. Plaintiff was told that this product could not be sold or distributed in Ohio. Subsequent correspondence with the Ohio Department of Agriculture revealed that the product referred to in the letter was Dairybrook. Plaintiff also learned that the other letter referred to in the Department's correspondence of April 20 was sent to defendant by Land O'Lakes, Inc., a manufacturer of butter and other butter products and a competitor of plaintiff's. The Land O'Lakes letter advised the defendant about the marketing of Dairybrook in the State of Florida and requested defendant's assistance in alerting his counterpart in that state to enforce any applicable labeling standards. Plaintiff subsequently filed the present action for declaratory judgment and to enjoin enforcement of § 3717.16(D).

■ The first issue before the court is defendant's argument that plaintiff lacks standing to maintain this action. The minimum criteria for standing under Article III of the United States Constitution require a party to show that he personally has suf-

fered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by a favorable decision. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758–59, 70 L.Ed.2d 700 (1982).

█ Plaintiff has alleged that it has incurred actual or threatened injury by reason of defendant's expressed intention to enforce the provisions of § 3717.16(D), thereby satisfying the first two requirements. Defendant argues, however, that plaintiff cannot show that the injury alleged is likely to be redressed by a favorable decision. Defendant relies on a letter dated November 30, 1988, in which the Ohio Department of Agriculture informed plaintiff that in its opinion, the Dairybrook label also violates § 3715.60, Ohio Revised Code, which governs the misbranding of products. Thus, defendant argues, even if § 3717.16(D) is declared to be unconstitutional, the distribution of Dairybrook in Ohio would be challenged by the Department under § 3715.60.

The court finds that plaintiff's standing does not fail on this basis. The Supreme Court cases require no more than a showing that there is a "substantial likelihood" that the relief requested will redress the injury. *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 75 n. 20, 98 S.Ct. 2620, 2631 n. 20, 57 L.Ed.2d 595 (1978). Plaintiff need not prove that granting the requested relief is certain to alleviate the injury. *International Ladies' Garment Workers' Union v. Donovan*, 722 F.2d 795 (D.C.Cir.1983).

Here, defendant claims that the Dairybrook label is misleading under § 3715.60. Defendant has not specified in what respect he has concluded that the Dairybrook label is misleading under § 3715.60, and in fact, that issue is not before the court in this case. The court notes that the United States Food and Drug Administration ("FDA") filed a forfeiture action in Florida alleging that the phrase "Reduced Calorie

Butter Product" was misleading under the pertinent federal laws and regulations. However, Robert Lake, Director of the FDA's Office of Compliance, has stated that the FDA has no objection *per se* to the use of the word "butter" as part of a product's descriptive name. Plaintiff and the FDA have entered into a consent decree in the Florida action, whereby plaintiff has agreed to cease using the phrase "Reduced Calorie Butter Product" on cartons of Dairybrook distributed in interstate commerce. It is conceivable that plaintiff may devise a label for Dairybrook which does not violate § 3715.60, which contains no express prohibition against the use of the word "butter", yet still be faced with the prohibition contained in § 3717.16(D). The precise injury sought to be redressed by plaintiff in this case is that caused by its inability to market and advertise Dairybrook using the word "butter" due to defendant's threat of enforcement of § 3717.16(D). The relief sought will redress that injury, regardless of whether plaintiff later encounters other hurdles in its efforts to market Dairybrook in Ohio. Plaintiff has standing to maintain this action.

The next issue raised by the parties concerns the precise effect of § 3717.16(D). That section provides:

> (D) "Butter" or any combination of "butter" with other words shall not be used in the label or in advertising any product which is made in imitation of or as a substitute for "butter."

The term "butter" is defined in § 3717.16(A), Ohio Revised Code, to mean a product made exclusively with milk or cream, with or without salt or coloring, and containing not less than eighty percent milkfat.

Defendant contends that § 3717.16(D) must be read in light of § 3715.60, which concerns misbranded food. As a food which has no definition or standard of identity, Dairybrook is governed by § 3715.60(I), which provides that a food is misbranded:

> unless it bears labeling clearly giving:

(1) The common or usual name of the food, if any;

(2) In case it is fabricated from two or more ingredients, the common or usual name of each such ingredient;....

■ Defendant contends that since § 3715.60(I) would require the use of the word "butter" on the label if butter is an ingredient in the product, that section conflicts with and must be given effect over § 3717.16(D). In reaching this conclusion, defendant relies on certain Ohio provisions relating to statutory construction. Defendant notes § 1.51, Ohio Revised Code, which provides that when a general provision is in irreconcilable conflict with a special provision, the special provision prevails unless the general provision is a later adoption and the manifest intent is that the general provision prevail. Defendant contends that § 3715.60 is the special provision and should prevail. However, § 3717.16(D) addresses the labeling of a certain type of food product, namely, butter substitutes, whereas § 3715.60 concerns labeling in general. Thus, the court concludes that § 3717.16(D) is the more specific provision. The provisions are in conflict in this case, since it would be impossible for plaintiff to list "butter" as an ingredient pursuant to § 3715.60 without violating § 3717.16(D).

The parties are not in agreement as to which statute was the subsequent enactment. The prohibition against the use of the word "butter" was previously contained in § 3717.36, Ohio Revised Code, which predated the 1957 enactment of § 3715.60. Section 3717.36 was repealed in 1968 and was re-enacted and renumbered as § 3717.16(D). Under § 1.54, Ohio Revised Code, a "statute which is reenacted or amended is intended to be a continuation of the prior statute and not a new enactment, so far as it is the same as the prior statute." However, even assuming that § 3715.60 is considered the later enactment, the court cannot find a manifest intent on the part of the legislature that it should prevail over § 3717.16(D), as required by § 1.51, in light of the fact that the legislature had the opportunity to change § 3717.16(D) in 1968, yet did not do so.

Defendant also notes § 1.52, Ohio Revised Code, which provides that where statutes are irreconcilable, the statute latest in date of enactment prevails. As indicated above, the court finds it difficult to conclude that the legislature intended § 3715.60 to prevail over § 3717.16(D) when it did not take advantage of the opportunity offered in 1968 to amend § 3717.16(D). A further dilemma is presented by the fact that strict application of the principles in §§ 1.52 and 1.54 would yield a result contrary to that dictated by the statutory construction analysis under § 1.51 discussed above.

Additionally, the provisions of §§ 3717.-16(D) and 3715.60 are not in conflict insofar as advertising is concerned. Section 3717.-16(D) prohibits the use of the word "butter" in advertising a butter substitute, whereas § 3715.60(I) regulates only the labeling of food. Thus, defendant's argument that § 3715.60 should govern this case is unavailing insofar as § 3717.16(D) restricts advertising. Section 3715.68, Ohio Revised Code, enacted in 1957, which governs false advertising, simply provides that "An advertisement of food ... is false if it is false or misleading in any particular." This provision may or may not conflict with § 3717.16(D), depending upon the circumstances. Assuming that a conflict exists in this case, the same statutory construction analysis applied above to §§ 3715.60 and 3717.15(D) would apply as well to § 3715.68. The court concludes that § 3717.16(D) has not been preempted.

Even accepting defendant's interpretation of § 3715.60, § 3717.16(D) is only partially superceded. Defendant contends that § 3715.60 allows the use of the word "butter" in the listing of a product's ingredients but nowhere else on the label. Under defendant's interpretation, plaintiff could not use the word "butter" as a part of its product's descriptive name, or anywhere else on the label other than in the fine print listing of ingredients on the back

label.[1]

The problem with defendant's interpretation is that § 3715.60 contains no language which purports to confine the name of an ingredient to the listing of ingredients. Section 3715.60(I) simply requires that the product "bears labeling clearly giving" the common or usual name of each ingredient. The term "labeling" is broadly defined in § 3715.01(A)(11) as "all labels and other written, printed, or graphic matter: (a) Upon an article or any of its containers or wrappers; ...." There is no prohibition in § 3715.60 against using the term "butter" in the product name or anywhere else on the label so long as it is not used in a false or misleading context. Therefore, in the court's view, if § 3715.60 now governs labeling rather than § 3717.16(D), plaintiff would be free to use the word "butter" anywhere in its labeling so long as it is not used in a misleading fashion. Similarly, § 3715.68 contains no absolute prohibition against the use of the word "butter." If indeed §§ 3715.60 and 3715.68 now controlled this area, the court's inquiry would end here, and there would be no need to address plaintiff's constitutional arguments.

However, as indicated above, the court is not convinced that §§ 3715.60 and 3715.68 have preempted § 3717.16(D). The latter section has not been construed or held invalid by Ohio courts, and remains on the Ohio statute books as an absolute prohibition serving to deter manufacturers who would otherwise use the word "butter" in labeling their products. In addition, defendant, by advocating an overly narrow interpretation of § 3715.60, is in effect perpetuating the operation and enforcement of the prohibition in § 3717.16(D) under the guise of § 3715.60. In light of his current posture, defendant's representations that § 3717.16(D) will not be enforced as written by the Ohio Department of Agriculture

do nothing to eliminate the chilling effect which § 3717.16(D) has on manufacturers such as plaintiff. Therefore, the court will proceed to address plaintiff's constitutional arguments.

Plaintiff advances three claims for relief under the United States Constitution, pursuant to the declaratory judgment provisions of 28 U.S.C. §§ 2201 and 2202, and pursuant to 42 U.S.C. § 1983. Plaintiff's first claim for relief alleges that § 3717.16(D) conflicts with the Food, Drug and Cosmetic Act of 1938, 21 U.S.C. §§ 301–392, the Fair Packaging and Labeling Act, 15 U.S.C. §§ 1451–1461, and regulations promulgated thereunder, thereby violating the supremacy clause of Article VI of the United States Constitution.

 Federal preemption may be explicitly stated in the statute's language or implicitly contained in its structure and purpose. *Jones v. Rath Packing Co.*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). In the absence of express preemptive language, Congress' intent to preempt all state law in a particular area may be inferred where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress left no room for supplementary state regulation. *Hillsborough County, Fla. v. Automated Medical Laboratories, Inc.*, 471 U.S. 707, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985). Where Congress has not completely displaced state regulation in a specific area, state law is nonetheless preempted to the extent that it actually conflicts with federal law, that is, when compliance with both federal and state regulations is a physical impossibility, or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *See Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963); *Hines v. Davidowitz*, 312 U.S. 52,

---

**1.** The court notes as an aside that under defendant's interpretation of § 3715.60, the labeling of several products currently being marketed in Ohio would arguably violate that provision. In addition to Land O'Lakes "Country Morning Blend", offered as an example by plaintiff, the court notes plaintiff's product "I Can't Believe

It's Not Butter", Kraft's "Touch O'Butter", and its use of the word "butter" in its advertising of "Parkay Margarine", and Nabisco Foods' "Blue Bonnet Better Blend", all of which use the word "butter" in places other than the listing of ingredients.

61 S.Ct. 399, 85 L.Ed. 581 (1941). The latter two varieties of preemption are at issue in this case.

■ Plaintiff first argues that § 3717.16(D) is in conflict with federal law, which requires that a product label include the ingredients contained in the product. Under 21 U.S.C. § 343(i), a nonstandardized food is deemed to be misbranded unless the label bears the common or usual name of the food, if any, and the common or usual name of each of the product's ingredients. *See also* 21 C.F.R. § 101.4. Section 3717.-16(D)'s absolute prohibition would prohibit the use of the word "butter" on the label of a product which does not meet the statutory definition of butter even if butter was an ingredient in the product. Thus, it would be impossible to comply with both the Ohio and federal laws in that respect, and clearly insofar as § 3717.16(D) prohibits the listing of butter as a product ingredient, it is preempted by the federal laws under the supremacy clause.

■ In addition, plaintiff notes 21 C.F.R. § 101.3(a), which requires that the principal display panel of a product contain a statement of identity of the commodity. A statement of identity must be in terms of the name required under federal law, the common or usual name of the food, or an "appropriately descriptive term," or when the nature of the food is obvious, a fanciful name commonly used by the public for such food. 21 C.F.R. § 101.3(b). Plaintiff contends that this regulation would require the use of the word "butter" as part of the "appropriately descriptive term," while defendant claims that the regulation does not so require, referring to an FDA report in 48 Fed.Reg. 37665 (August 19, 1983). The court does not agree that the Federal Register report resolves the matter of whether it is discretionary or mandatory to include the ingredients of a product in the descriptive term. What constitutes an "appropriately descriptive term" has not yet been addressed by the courts, and the court suspects that whether a statement of identity which does not include one of the product's ingredients is "appropriately descriptive" may depend on the particular circumstanc-es of each case. The court feels that such matters are best left to the FDA for consideration prior to judicial review, and that a finding at this stage that 21 C.F.R. § 101.3(b) conflicts with § 3717.16(D) would be hypothetical and premature.

■ Plaintiff also asserts that § 3717.16(D) interferes with the full purposes and objectives of Congress. The purposes of the federal food labeling laws are to avoid misbranding of food and to inform the consumer of the actual characteristics and properties of food products. *Committee for Accurate Labeling and Marketing v. Brownback*, 665 F.Supp. 880 (D.Kan. 1987). Section 3717.16(D)'s absolute prohibition on the use of the word "butter" obstructs these objectives in this case by depriving consumers of information concerning one of Dairybrook's prime ingredients. Therefore, the court concludes that § 3717.16(D) violates the supremacy clause on this basis.

■ Plaintiff's second claim for relief is that § 3717.16(D) unconstitutionally infringes upon plaintiff's rights under the First and Fourteenth Amendments. The protection of the First Amendment extends to commercial speech. *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976). As the Supreme Court stated in *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557, 561–562, 100 S.Ct. 2343, 2349, 65 L.Ed.2d 341 (1980), "Commercial expression not only serves the economic interest of the speaker, but also assists consumers and furthers the societal interest in the fullest possible dissemination of information." A state does not implicate First Amendment concerns by proscribing commercial speech which is misleading or related to illegal activity. *Id.* at 563, 100 S.Ct. at 2350. However, as the Supreme Court further noted, *Id.* at 564, 100 S.Ct. at 2350:

> If the communication is neither misleading nor related to unlawful activity, the government's power is more circumscribed. The State must assert a substantial interest to be achieved by restric-

tions on commercial speech. Moreover, the regulatory technique must be in proportion to that interest. The limitation on expression must be designed carefully to achieve the State's goal. Compliance with this requirement may be measured by two criteria. First, the restriction must directly advance the state interest involved; the regulation may not be sustained if it provides only ineffective or remote support for the government's purpose. Second, if the governmental interest could be served as well by a more limited restriction on commercial speech, the excessive restrictions cannot survive.

There can be no question that the State of Ohio has an interest in protecting its citizens from misleading information concerning the nature of food products placed on the market. However, there is nothing inherently misleading about the use of the word "butter" *per se.* In the case of Dairybrook, which is half butter, the absolute ban on the use of the word "butter" contained in § 3717.16(D) would not only fail to serve Ohio's interest in ensuring public recognition of the contents of the food item, but would actually frustrate that interest. Under § 3717.16(D), the public could not be informed, either through the Dairybrook label or advertising, that plaintiff's product contained butter. Indeed, such a ban might have severe implications for those consumers who for health reasons are required to limit their intake of cholesterol.

This case involves a statute similar to one addressed by the court in *Anderson, Clayton & Co. v. Washington State Department of Agriculture,* 402 F.Supp. 1253 (W.D.Wash.1975). In that case, the Washington statute prohibited the use of dairy terms in connection with oleomargarine except insofar as such terms were necessary to meet legal requirements for labeling. The court found that the statute, which precluded even true, honest, and nondeceiving comparative references to the dairy term "butter," was "more drastic and unreasonable than necessary to meet the legitimate interests of the State of Washington" and that it violated the plaintiffs' First Amendment rights. *Id.* at 1258.

The court concludes that Ohio's absolute prohibition against the use of the word "butter," in advertising, and in the listing of ingredients or anywhere else on the label, does not directly advance the state interest involved. Ohio's interest would be better served by a more limited restriction on commercial speech which would ensure that the word "butter" is not used in a false or misleading manner and that the public is accurately informed about the precise butter content of the product. Ohio has such a measure in place in the form of § 3715.60, which is virtually identical in many respects to the federal misbranded food statute, 21 U.S.C. § 343.

Defendant contends that plaintiff would be free to describe its product as a "low fat dairy spread" as defined in § 3717.16(C), Ohio Revised Code. However, without deciding whether such a phrase would accurately describe plaintiff's product, this alternative would not be the least restrictive means of advancing the state's interest. Defendant has also argued that § 3715.60 would permit the word "butter" in the list of ingredients but nowhere else on the label, and that this is a reasonable restriction. Aside from the fact that, as noted above, the court disagrees with defendant's interpretation of § 3715.60, the court finds that defendant has advanced no state interest which would outweigh plaintiff's First Amendment right to use the word "butter" anywhere on the label so long as it is not used in a misleading way.

Defendant has also submitted a study conducted by Land O'Lakes, plaintiff's competitor, which defendant claims demonstrates confusion on the part of test participants as to the exact nature of plaintiff's product. However, whether plaintiff's current or future labeling of Dairybrook uses the word "butter" in a misleading fashion is not before the court in this case. Rather, the court has been called upon to decide whether the prohibition of the use of the word "butter" in § 3717.16(D), with no regard to whether the term is used misleadingly, violates First Amendment principles.

The court concludes that it does, and that plaintiff's second claim for relief must be granted.

Plaintiff's third claim for relief is advanced under the commerce clause, Article I, § 8 of the United States Constitution. Plaintiff contends that § 3717.16(D) places an undue burden on interstate commerce. Under the commerce clause, the first focus of inquiry is whether the state is engaging in "economic protectionism" or applying its regulations evenhandedly to intrastate and interstate commerce. *Philadelphia v. New Jersey*, 437 U.S. 617, 624, 98 S.Ct. 2531, 2535–36, 57 L.Ed.2d 475 (1978). Even if a statute regulates evenhandedly and imposes only incidental burdens on interstate commerce, it must nonetheless be declared invalid if the burden imposed on commerce is clearly excessive to the putative local benefits. *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970); *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 101 S.Ct. 715, 66 L.Ed.2d 659 (1981). The extent of the burden on commerce that will be tolerated depends on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities. *Clover Leaf Creamery Co.*, 449 U.S. at 471, 101 S.Ct. at 727–28.

Section 3717.16(D) applies evenhandedly to both in-state and out-of-state producers. Therefore, it remains to be determined whether the burden imposed by that statute is clearly excessive when weighed against the local benefits. Plaintiff asserts several areas in which it claims that compliance with § 3717.16(D) would have severe implications on their nationwide marketing of Dairybrook. In addition to the problems discussed above concerning actual or potential conflicts between Ohio and federal law, plaintiff asserts that retail chains which operate in Ohio and other states would be less likely to carry Dairybrook if they could not do so in all of their stores. Plaintiff also notes the possible liability from media advertising in other states which spills over into Ohio markets, and the potential for bad will generated in Ohio due to customer frustration over the unavailability of the product in Ohio. Plaintiff cites the added expense involved in specially tailoring the Dairybrook label for distribution in Ohio to meet the requirements of the Ohio statute, and the risk that containers intended for other states would accidently be distributed in Ohio. Plaintiff has also offered evidence of the time and expense which have been expended in the development of Dairybrook, and the injury it would sustain by not being able to market Dairybrook in Ohio, which is a consumer market of significant size.

The interest of the State of Ohio originally served by the enactment of § 3717.16(D) was quite possibly, at least in part, the protection of the Ohio dairy industry. The development of margarine apparently spurred the enactment of similar legislation nationwide. Thus, the Supreme Court was called upon in *Collins v. New Hampshire*, 171 U.S. 30, 18 S.Ct. 768, 43 L.Ed. 60 (1898) to address the constitutionality of a state statute which required that oleomargarine be colored pink before it could be distributed. The Supreme Court held that such a prohibition on an inherently safe and healthful food product was unconstitutional. Here, there is no evidence that Dairybrook is an unwholesome or harmful product. Even assuming that such a protectionist purpose were valid, it is not served by effectively banning the distribution of a product which is in fact fifty percent butter.

Defendant argues that the state interest served by § 3717.16(D) is the protection of the public against false or misleading advertising or information in the marketing of food products. However, in the case of Dairybrook, this interest is not served by the enforcement of § 3717.16(D), which would deprive consumers of important information concerning the nature of Dairybrook. As the court noted in *Dean Foods Co. v. Wisconsin Department of Agriculture, Trade and Consumer Protection*, 478 F.Supp. 224, 232 (W.D.Wis.1979), "The precise nature of the 'local interest involved' is that Wisconsin purchasers and consumers should enjoy the opportunity to

make a knowing choice." Ohio can serve that interest by the lesser restriction of regulations which guard against the misbranding of foods or the misleading use of the word "butter." Section 3717.16(D)'s absolute prohibition of the use of the word "butter" cannot survive under the commerce clause.

In accordance with the foregoing, the court hereby grants plaintiff's motion for summary judgment, and denies defendant's cross-motion for summary judgment. Plaintiff is entitled to a declaratory judgment that § 3717.16(D) is unconstitutional under the supremacy clause, the First and Fourteenth Amendments, and the commerce clause. Defendant and any other agents of the State of Ohio are permanently enjoined from enforcing Ohio Revised Code § 3717.16(D).